1  **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9

10   Frank Silva Roque,                    )
                                           )
11              Plaintiff,                 )    No. CV-06-1021-PHX-PGR (MEA)
          vs.                              )
12                                         )
     Dora B. Schriro, et al.               )            ORDER
13                                         )
                Defendants.                )
14   ──────────────────────────────────   )

15         Pending before the Court is the Report and Recommendation of Magistrate

16   Judge Aspey (doc. #29), wherein he recommends the denial of three pending

17   motions to amend the complaint (docs. ##14, 25, and 26) filed by the plaintiff.

18   Having reviewed the Report and Recommendation *de novo* in light of the

19   plaintiff's timely objection thereto (doc. #31), the Court finds that the Report and

20   Recommendation should be accepted in part and rejected in part.

21         The following procedural history is relevant to the Court's resolution of the

22   Report and Recommendation.  In its order (doc. #11)  screening the plaintiff's

23   original complaint, entered on December 18, 2006 pursuant to 28 U.S.C.

24   § 1915(A), the Court in part dismissed twelve named defendants and dismissed

25   Counts II through VIII.[1]  On January 9, 2007, the plaintiff filed both a Motion for

26
     ────────────────────
          1
             The screening order only ordered service on defendant Clark as to

Relief from Judgment (doc. #16), wherein he in effect sought reconsideration of the screening order's dismissal of Counts II through VIII, and a Motion for Leave to File an Amended Complaint (doc. #14), together with a proposed First Amended Complaint.  On April 2, 2007, the plaintiff submitted an Amended Civil Rights Complaint (doc. #23), unaccompanied by any motion; the Clerk of the Court docketed the amended complaint as being filed.   In an order entered on April 25, 2007, the Court denied the plaintiff's Motion for Relief from Judgment; the Court's order, however, neither discussed nor resolved the pending Motion for Leave to File an Amended Complaint, nor did it discuss the Amended Civil Rights Complaint filed on April 2nd.   On June 18, 2007, the plaintiff filed a Motion to Add a Defendant to Amended Complaint (doc. #25), wherein he seeks to add the Arizona Department of Corrections to Count I of the amended complaint, together with a Motion to Seek this Court to Proceed with Case (doc. #25), which in effect is a request to expedite the proceedings.  On July 12, 2007, the plaintiff filed an additional motion to amend (doc. #26), wherein he seeks again to add the Arizona Department of Corrections as a defendant to Count I of what he refers to as the amended complaint, *i.e.* the Amended Civil Rights Complaint (doc. #23) and to also add ADOC Director Schriro as a defendant to Count I.  On September 20, 2007, the same date the Report and Recommendation was filed, the plaintiff filed a Motion to Add Defendants to the Amended Complaint and to Correct the Disciplinary Claim on the Amended Complaint (doc. #30).

The Report and Recommendation recommends in part that the plaintiff's

_____

Count I.  The United States Marshal Service has to date been unable to serve Clark because his current whereabouts are not known.  The Arizona Department of Corrections and the Arizona Attorney General have been ordered to provide the Court with Clark's last known home address.

initial motion to amend (doc. #14) be denied under the "law of the case" doctrine because the Court's order of April 4th, which denied the plaintiff's motion for relief from judgment, effectively denied the plaintiff's motion.  The Court cannot agree.  Because the First Amended Complaint was the plaintiff's first attempt to amend his complaint and it was submitted prior to any defendant being served in this action, the plaintiff had the right to amend his complaint without motion or court order pursuant to Fed.R.Civ.P. 15(a) - his Motion for Leave to File an Amended Complaint (doc. #14) was unnecessary and the Court erred in not filing and docketing his First Amended Complaint (doc. #15).   In order to cure this procedural error, the Court will order that the First Amended Complaint (doc. #15) be filed and screened in accordance with 28 U.S.C. § 1915A.

As the Report and Recommendation correctly notes, the plaintiff's Amended Civil Rights Complaint (doc. #23), which in effect was the plaintiff's second amended complaint, was filed without an accompanying motion and without leave of Court.  The Court will therefore strike that amended complaint.

The Report and Recommendation also recommends that the plaintiff's two motions to amend the amended complaint to add the Arizona Department of Corrections as a defendant be denied on the ground that the ADOC is not a suable entity for purposes of 42 U.S.C. § 1983.  The Court agrees.[2]  The ADOC is not a proper defendant in this action because, as an arm of the State of

_____

[2]

Although the Report and Recommendation does not discuss that portion of the plaintiff's third motion to amend (doc. #26) seeking to add Director Schriro as a defendant to the excessive force claim in the Amended Civil Rights Complaint (doc. #23), the Court will deny that portion of the motion without prejudice because the Court is striking the amended complaint at issue.  For the same reason, the Court will deny without prejudice the plaintiff's fourth motion to amend (doc. #30).

Arizona, it is not "person" that can be sued pursuant to § 1983.  Hale v. State of Arizona, 993 F.2d 1387, 1398-99 (9th Cir.) (en banc), *cert. denied*, 510 U.S. 946 (1993) (Court, noting that neither a state nor an arm of a state is a "person" within the meaning of § 1983, stated that "[w]e have no trouble concluding that the Arizona Department of Corrections is an arm of the state."); *accord*, Gilbreath v. Cutter Biological, Inc., 931 F.2d 1320, 1327 (9th Cir.1991) ("Likewise, 'arms of the State' such as the Arizona Department of Corrections are not 'persons' under section 1983.")   Therefore,

IT IS ORDERED that the Magistrate Judge's Report and Recommendation (doc. #29) is accepted in part and rejected in part.

IT IS FURTHER ORDERED that the plaintiff's Motion for Leave to File an Amended Complaint (doc. #14) is granted pursuant to Fed.R.Civ.P. 15(a) and that the Clerk of the Court shall file and docket the plaintiff's First Amended Complaint (lodged as doc. #15), submitted on January 9, 2007, as the plaintiff's First Amended Complaint.

IT IS FURTHER ORDERED that the plaintiff's Amended Civil Rights Complaint (doc. #23), filed on April 2, 2007, is stricken from the record.

IT IS FURTHER ORDERED that the plaintiff's Motion to Add a Defendant to Amended Complaint Filed in Count I of Complaint (doc. #25-1) and Motion to Add Arizona Department of Correction and Defendant Dora B. Schriro to Count I Excessive Force of Amended Complaint (doc. #26) are both denied, with prejudice as to the Arizona Department of Corrections and without prejudice as to Dora Schriro.

IT IS FURTHER ORDERED that the plaintiff's Motion to Add Defendants to the Amended Complaint and to Correct the Disciplinary Claim on the Amended

Complaint (doc. #30) is denied without prejudice.

IT IS FURTHER ORDERED that the plaintiff's Motion to Seek this Court to Proceed with Case (doc. #25-2) is granted to the extent that the plaintiff's First Amended Complaint is referred to Magistrate Judge Aspey for further proceedings, including screening pursuant to 28 U.S.C. § 1915A.

DATED this 28th day of September, 2007.


Paul G. Rosenblatt
United States District Judge

- 5 -