WO                                                                                      **JWB**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Frank Silva Roque,                          )    No. CV-06-1021-PHX-PGR (MEA)
                                            )
              Plaintiff,                    )    **ORDER**
                                            )
vs.                                         )
                                            )
                                            )
Dora Schriro, et al.,                       )
                                            )
              Defendants.                   )
                                            )
_____     )

     Plaintiff, who is confined in the Arizona State Prison Complex - Eyman Unit in Florence, Arizona, has filed a First Amended Complaint pursuant to 42 U.S.C. § 1983.  The Court will order Defendants Schriro, Clark, Neese, Inman, Cook, and Ontiveros to answer Counts I-IV of the Complaint and will dismiss the remaining claims and Defendants without prejudice.[1]

**I.      Statutory Screening of Prisoner Complaints**

     The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

_____

     [1] Plaintiff has previously been granted leave to proceed *in forma pauperis* (Doc. # 11).

1   be granted, or that seek monetary relief from a defendant who is immune from such relief.

2   28 U.S.C. § 1915A(b)(1), (2).

3   **II.    Complaint**

4          In his First Amended Complaint, Plaintiff has presented five claims for relief against

5   eight Defendants: Arizona Department of Corrections (ADC) Director Dora Schriro,

6   Correctional Officer (C.O.) II Clark, Administrative Deputy Warden C. Neese, C.O. III R.

7   Inman, Captain Cook, Warden John Ontiveros, Maricopa County prosecutor Vince

8   Imbordino, and Maricopa County.  In Count I, Plaintiff alleges that the Arizona Department

9   of Corrections (ADC) mail policy prohibiting Plaintiff from corresponding with his fiancé,

10  an inmate in another prison facility, constitutes a violation of his First Amendment rights.

11  He specifically alleges that Schriro, Inman, and Neese are responsible for the implementation

12  of the unconstitutional mail policy.  In Count II, Plaintiff claims that Cook and Neese have

13  denied him due process during two disciplinary hearings at the ADC.  In Count III, Plaintiff

14  claims that Clark assaulted him while he was shackled and handcuffed.  In Count IV,

15  Plaintiff claims that he was placed in a cell without bedding, pillows, or a mattress.  Further,

16  Plaintiff claims that the temperature in the cell was extremely low (50°) and that Schriro,

17  Ontiveros, and Neese are responsible for the unconstitutional conditions.  Finally, in Count

18  V, Plaintiff claims that Maricopa County prosecutor Imbordino violated Plaintiff's civil

19  rights by consulting with the government of India when determining whether to seek the

20  death penalty against Plaintiff during his criminal proceedings.  Plaintiff also claims that

21  Imbordino violated Plaintiff's Fifth Amendment rights by filing a notice of intent to seek the

22  death penalty without first getting the grand jury to "make a unanimous decision on probable

23  cause of the death penalty sentence enhancement."

24  **III.   Failure to State a Claim**

25          **A.    Count V**

26          Prosecutors are absolutely immune from liability under § 1983 for their conduct in

27  "initiating a prosecution and in presenting the State's case" insofar as that conduct is

28  "intimately associated with the judicial phase of the criminal process." <u>Buckley v.</u>

1   Fitzsimmons, 509 U.S. 259, 270 (1993) (citing Imbler v. Pachtman, 424 U.S. 409, 430

2   (1976)); Burns v. Reed, 500 U.S. 478, 486 (1991) (quoting Imbler v. Pachtman, 424 U.S.

3   409, 430-431 (1976)); Ashelman v. Pope, 793 F.2d 1072, 1076 (9th Cir. 1986).  Here,

4   Plaintiff has named the prosecutor who secured an indictment against Plaintiff and sought

5   the death penalty.  Plaintiff's allegations revolve around conduct that is entirely associated

6   with the judicial phase of the criminal process.  As a result, Count V will be dismissed.

7   **B.     Maricopa County**

8   Because no claim now remains against Maricopa County, it will be dismissed.

9   **IV.   Claims for Which an Answer Will be Required**

10   At this stage, Plaintiff has adequately stated a claim against Schriro, Inman, and Neese

11   in Count I, Cook and Neese in Count II, Clark in Count III, and Schriro, Ontiveros, and

12   Neese in Count IV.

13   **V.   Warnings**

14   **A.     Release**

15   Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.

16   Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay

17   the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result

18   in dismissal of this action.

19   **B.     Address Changes**

20   Plaintiff must file and serve a notice of a change of address in accordance with Rule

21   83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other

22   relief with a notice of change of address.  Failure to comply may result in dismissal of this

23   action.

24   **C.     Copies**

25   Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy

26   of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must include a certificate

27   stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Plaintiff must submit

28

1   an additional copy of every filing for use by the Court.  See LRCiv 5.4.  Failure to comply
2   may result in the filing being stricken without further notice to Plaintiff.

3       **D.    Possible Dismissal**

4       If Plaintiff fails to timely comply with every provision of this Order, including these
5   warnings, the Court may dismiss this action without further notice.  See Ferdik v. Bonzelet,
6   963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to
7   comply with any order of the Court).

8   **IT IS ORDERED:**

9       (1)    Count V and  Defendants Imbordino and Maricopa County are **dismissed**
10  without prejudice.

11      (2)    Defendant Schriro must answer Counts I and IV, Inman must answer Count
12  II, Neese must answer Counts I, II, and IV, Cook must answer Count II, Clark must answer
13  Count III, and Ontiveros must answer Count IV.

14      (3)    The Clerk of Court must send Plaintiff a service packet including the First
15  Amended Complaint (Doc. # 33), this Order, and both summons and request for waiver
16  forms for Defendants Schriro, Inman, Neese, Cook, Clark, and Ontiveros.

17      (4)    Plaintiff must complete and return the service packet to the Clerk of Court
18  within 20 days of the date of filing of this Order.  The United States Marshal will not provide
19  service of process if Plaintiff fails to comply with this Order.

20      (5)    If Plaintiff does not either obtain a waiver of service of the summons or
21  complete service of the Summons and First Amended Complaint on a Defendant within 120
22  days of the filing of the First Amended Complaint or within 60 days of the filing of this
23  Order, whichever is later, the action may be dismissed as to each Defendant not served.  Fed.
24  R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

25      (6)    The United States Marshal must retain the Summons, a copy of the First
26  Amended Complaint, and a copy of this Order for future use.

27      (7)    The United States Marshal must notify Defendants of the commencement of
28  this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal

Rules of Civil Procedure.  The notice to Defendants must include a copy of this Order.  The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons.  If a waiver of service of summons is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

(a)    personally serve copies of the Summons, First Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

(b)    within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, First Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(8)    **A Defendant who agrees to waive service of the Summons and First Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(9)    Defendants must answer the First Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(10)    Any answer or response must state the specific Defendant by name on whose behalf it is filed.  The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

///

///

- 5 -

1      (11)   This matter is referred to Magistrate Judge Mark E. Aspey pursuant to Rules

2    72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

3          DATED this 5th day of October, 2007.

4

5

6

7                                             Paul G. Rosenblatt
                                              United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28