IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| FRANK B. ROQUE, ) | |
|     Plaintiff, ) | |
|     v. ) | CIV 06-01021 PHX PGR (MEA) |
| DORA B. SCHRIRO, JOHN ) ONTIVEROS, NEESE, R.G. INMAN, ) CAPTAIN COOK, COII T. CLARK, ) | REPORT AND RECOMMENDATION |
|     Defendants. ) | |

**TO THE HONORABLE PAUL G. ROSENBLATT:**

This matter is before the Magistrate Judge on referral from the District Judge, and the determination of the Magistrate Judge is dispositive of some of Plaintiff's claims. Accordingly, the following proposed findings of fact, report, and recommendation are made pursuant to Rule 72(b), Federal Rules of Civil Procedure, and 28 U.S.C. § 28(b)(1)(B) and (C).

Before the Court is Plaintiff's motion at Docket No. 44, filed December 5, 2007, and styled as a motion to dismiss John Ontiveros as a defendant in this matter and seeking to amend his complaint. The substance of Plaintiff's motion is a desire to replace Mr. Ontiveros as a defendant with Robert Stewart, Mr. Ontiveros' successor as warden.

**I Background**

Plaintiff's first amended complaint was lodged January 8, 2007, and filed September 28, 2007. See Docket No. 15 and Docket No. 33. Defendant Ontiveros was named by Plaintiff as a defendant in both his official and individual capacity in the first amended complaint. On October 9, 2007, Defendant Ontiveros was ordered to answer Count IV of Plaintiff's first amended complaint. In Count IV, Plaintiff claims that on three occasions, presumably in 2005, he was placed in a cell without clothing, bedding, pillows, or a mattress, and that the cell was extremely cold, in violation of his Eighth Amendment right to be free of cruel and unusual punishment. Plaintiff alleges that Defendants Schriro, Ontiveros, and Neese were responsible for a policy resulting in Plaintiff being subjected to the cell's unconstitutional conditions. See Docket No. 34 at 2. Defendant Ontiveros is sued in both his individual and administrative capacities, as one who allegedly "initiates and enforces" unconstitutional policies at the prison. See Docket No. 33. Defendant Ontiveros retired from his position as warden on or about January 16, 2007, and Plaintiff seeks to replace Defendant Ontiveros as a defendant in this matter with his successor, Mr. Robert Stewart. Defendant Ontiveros has not been served with the summons and complaint and, accordingly, he has not filed an answer to the complaint.

**II Analysis**

Rule 15(a), Federal Rules of Civil Procedure, provides that a plaintiff should be given leave to amend his complaint

when justice so requires. See, e.g., United States v. Hougham, 364 U.S. 310, 316, 81 S. Ct. 13, 17 (1960); Howey v. United States, 481 F.2d 1187, 1190 (9th Cir. 1973).

In exercising its discretion with regard to a motion to amend a complaint filed after a responsive pleading, the Court should consider the prejudice to the opposing party and the futility of allowing the amendment. See Schlachter-Jones v. General Tele., 936 F.2d 435, 443-44 (9th Cir. 1991). "[T]he policy of allowing the amendments of pleadings must be tempered with considerations of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Id. at 443 (internal quotations omitted). The Court would have to dismiss a claim added to a complaint if the plaintiff raised a claim that was legally frivolous or malicious, that failed to state a claim upon which relief may be granted, or that sought monetary relief from a defendant who is immune from such relief. 42 U.S.C. § 1997(c)(1) (2003 & Supp. 2007). Leave to amend a complaint should be granted if it appears at all possible that the plaintiff can correct a defect in his complaint. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

To state a claim for violation of his civil rights, a plaintiff must allege that a specific individual personally participated in the constitutional deprivation and was deliberately indifferent to the plaintiff's constitutional

rights. See Rizzo v. Goode, 423 U.S. 362, 377, 96 S. Ct. 598, 607 (1976); King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987). The plaintiff must allege how the official individually personally participated in the constitutional deprivation, or the plaintiff must allege that the governmental supervisory official was aware of widespread abuses and acted with deliberate indifference to the plaintiff's constitutional rights. See Rizzo, 423 U.S. at 377, 96 S. Ct. at 607; King, 814 F.2d at 568.

Because Plaintiff asserted Defendant Ontiveros' personal liability with regard to the violation of his constitutional rights, Plaintiff cannot substitute Mr. Stewart in his personal capacity for Defendant Ontiveros acting in his personal capacity. Additionally, because Mr. Stewart assumed his position as warden after the occurrence of the three events alleged in Count IV, it is not possible for Plaintiff to allege Mr. Stewart personally participated in these constitutional deprivations. Nor can Plaintiff allege that Mr. Stewart, who was not in a supervisory position in 2005, was aware of the allegedly unconstitutional policy enforced on Plaintiff on these three occasions and was himself deliberately indifferent to Plaintiff's constitutional rights.

Having assumed the job of warden after the events complained of by Plaintiff in Count IV, Mr. Stewart cannot have caused the alleged deprivations and he cannot be liable to Plaintiff in his individual capacity or in his official capacity for any alleged deprivations pursuant to section 1983. See

1  Haynesworth v. Miller, 820 F.2d 1245, 1259 (D.C. Cir. 1987)
2  (affirming the dismissal of a Bivens action against a police
3  chief who "took office ... as the events in question drew to a
4  close," as "no corrective action on his part could have aided
5  [plaintiff] since the harm he asserts had already taken place"),
6  abrogated on other grounds by Hartman v. Moore, 547 U.S. 250,
7  126 S. Ct. 1695 (2006); Banks v. York, 515 F. Supp. 2d 89, 102
8  (D.D.C. 2007).
9         Additionally, Plaintiff's motion to amend his complaint
10 to substitute a party defendant represents undue delay which
11 would prejudice Mr. Stewart.  Defendant Ontiveros retired from
12 his position in January of 2007, and Plaintiff did not seek
13 leave to substitute Mr. Stewart as a defendant for Mr. Ontiveros
14 until approximately nine months later.  Accordingly, the motion
15 to substitute may also be denied as untimely.  Cf. Jackson v.
16 Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990) (upholding
17 the denial of leave to amend because the plaintiff had delayed
18 filing the amended complaint for eight months beyond the time
19 they should have known of the existence of the claims and noting
20 that "[p]rejudice to the opposing party is the most important
21 factor" in determining whether to grant leave to amend); Duggins
22 v. Steak 'N Shake, Inc., 195 F.3d 828, 834 (6th Cir. 1999)
23 (upholding denial of leave to amend where the District Court
24 cited the plaintiff's undue delay in missing the deadline to
25 amend the complaint and undue prejudice to the defendant where
26 the plaintiff sought amendment after the close of discovery);
27 Smith v. Angelone, 111 F.3d 1126, 1134 (4th Cir. 1997).
28

### III Conclusion

Having assumed the job of warden after the events complained of by Plaintiff as against Defendant Ontiveros, Mr. Stewart cannot have caused the alleged deprivations of Plaintiff's constitutional rights. Additionally, Plaintiff's motion for substitution of a party defendant is not timely. The Court notes Plaintiff has not effected service of the summons and first amended complaint on Defendant Ontiveros and, accordingly, the substitution of an unserved party for a different unserved party would serve no useful purpose.

**THEREFORE, IT IS RECOMMENDED THAT** Plaintiff's motion to amend his complaint (Docket No. 44) be **denied.**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be

considered a waiver of a party's right to de novo appellate consideration of the issues.  See <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114, 1121 (9th Cir.) (en banc), <u>cert.</u> <u>denied</u>, 540 U.S. 900 (2003).  Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 4th day of January, 2008.

_____
Mark E. Aspey
United States Magistrate Judge