**WO**

1

2

3

4

5

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Frank Silva Roque,                    )
                                      )
              Plaintiff,              )      No. CV-06-1021-PHX-PGR (MEA)
      vs.                             )
                                      )
Dora Schriro, et al.,                 )             ORDER
                                      )
              Defendants.             )
───────────────────────────────      )

        Pending before the Court is the plaintiff's Objection (doc. #70) to Magistrate

Judge Aspey's order (doc. #65), which was entered on March 19, 2008.  The

Court finds that the plaintiff's Objection, which it construes as being filed pursuant

to 28 U.S.C. § 636(b)(1)(A), should be denied in its entirety.

        The plaintiff objects in part to that portion of the Magistrate Judge's order

that denied the plaintiff's Motion to Order Phone Interview (doc. #54).  The

motion, which relates to Count I of the First Amended Complaint, wherein the

plaintiff alleges that the Arizona Department of Correction's rule barring inmate to

inmate correspondence violates his First Amendment rights, seeks an order

permitting the plaintiff to have a one hour phone conversation with his fiancee,

who is also an ADOC inmate, and permitting him to send a proposed declaration

for his fiancee to sign.  The plaintiff contends in the motion that his fiancee is a

key witness regarding Count I and he needs her to authenticate numerous letters she has sent to him while they were both incarcerated.  The defendants have objected to the motion on the ground that the constitutionality of the rule at issue, DO 909.01 § 1.3.2, is a pure issue of law that requires no fact witnesses.

Although the Magistrate Judge denied the plaintiff's motion without explanation, the Court cannot conclude that the denial was clearly erroneous or contrary to law.  This is so because the Court agrees with the defendants that the constitutional issue does not, at least at this time, require any evidence from the plaintiff's fiancee.  Should that situation change, for example, by the defendants' filing of a motion for summary judgment concerning this issue that makes the fiancee's evidence necessary to rebut the defendants' motion, the plaintiff has other remedies he may be able to then invoke, such as requesting relief pursuant to Fed.R.Civ.P. 56(f).

The plaintiff also objects in part to the Magistrate Judge's denial of the plaintiff's  Motion for Order of Publication of Summons for Defendant Clark (doc. #55), wherein the plaintiff requested that T. Clark, the sole defendant in the excessive force claim raised in Count III of the First Amended Complaint, be served by publication due to the fact that the U.S. Marshal's Service ("USMS") has been unable to effect service on him.  Although the Magistrate Judge gave no reason for the denial of the motion for publication, the Court, based on its review of the record, cannot conclude that the denial was clearly erroneous or contrary to law.

The Court concludes that service by publication on Clark is not warranted at this time because the USMS did not properly attempt to serve Clark.  The Court obtained defendant Clark's last known address and telephone number

1    under seal because he had left the employ of the Arizona Department of

2    Corrections and had moved out of Arizona.  In the screening order (doc. #34)

3    regarding the First Amended Complaint, entered on October 9, 2007, the Court

4    specifically informed the USMS how the defendants, including Clark, were to be

5    served, and a service packet regarding Clark, which included a copy of the

6    screening order, was forwarded to the USMS by the Clerk of the Court on

7    October 24, 2007.  The service portion of the screening order, briefly

8    summarized, required that the USMS first request that the defendants waive

9    service pursuant to Fed.R.Civ.P. 4(d), and then if a waiver was not returned by

10   any defendant, to personally serve that defendant.  The USMS's Process Receipt

11   and Return (doc. #49) regarding Clark, which stated that Clark could not be

12   located, includes the following remark: "1/03/08 - Phoned residence filed under

13   seal & was advised that subject is no longer a resident.  Current resident reported

14   that the subject has returned to work at ASPC Florence.  However, the personnel

15   office at Florence could not locate a current record of subject."

16          Since the USMS' service attempt on Clark does not comply with the

17   requirements of the Court's screening order (doc. #49), and since the plaintiff is

18   entitled to rely on the USMS for proper service of process, <u>Puett v. Blandford</u>, 912

19   F.2d 270, 275 (9th Cir. 1990), the Court will require the USMS to attempt personal

20   service on Clark.   In order to give the USMS appropriate time to attempt personal

21   service, the Court will extend the service time on Clark pursuant to Fed.R.Civ.P.

22   4(m) for another two months.

23          Therefore,

24          IT IS ORDERED that the plaintiff's Objection (doc. #70) is denied in its

25   entirety and that the portions of Magistrate Judge Aspey's order (doc. #65)

26

- 3 -

denying the plaintiff's Motion to Order Phone Interview (doc. #54) and the plaintiff's Motion for Order of Publication of Summons for Defendant Clark (doc. #55) are affirmed.

IT IS FURTHER ORDERED that the United States Marshal's Service shall attempt to effectuate personal service on defendant T. Clark in accordance with the Court's order (doc. #34), entered on October 9, 2007.

IT IS FURTHER ORDERED that the deadline for effectuating service of process on defendant T. Clark is extended to July 15, 2008.

DATED this 14th day of May, 2008.

Paul G. Rosenblatt
United States District Judge

- 4 -